UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES – GENERAL

| Case No. | LA CV14-09727 JAK (RZx) | Date | May 21, 2015 |
|---|---|---|---|
| Title | Sergio Padilla v. Allstate Insurance Company et al. | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
|---|---|
| Andrea Keifer | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) ORDER RE DEFENDANT'S OBJECTIONS TO PLAINTIFF'S NOTICE OF VOLUNTARY DISMISSAL

## I.  Factual and Procedural Background

On August 12, 2014, Sergio Padilla ("Plaintiff"), who is self-represented, filed this action against Allstate Insurance Company ("Defendant") in the Los Angeles Superior Court. Dkt. 1. Plaintiff alleged that he was the beneficiary of a life insurance policy ("Policy") paid for by Donald Clayton Magoon. Plaintiff also alleged that when Magoon died, Defendant refused to pay Plaintiff the benefits under the Policy to which Plaintiff was entitled. Compl., Dkt. 1-1, ¶¶ 5-10. Plaintiff brought four causes of action: (i) breach of contract; (ii) unfair business practices in violation of Cal. Bus. & Prof. Code § 17200, *et seq.*; (iii) negligence; and (iv) breach of fiduciary duty. *Id.* ¶¶ 11-33. Defendant removed the action on the basis of diversity jurisdiction. Dkt. 1 at 2-3.

On March 23, 2015, Defendant filed a Motion for Summary Judgment ("Motion"). Dkt. 19. Defendant presented evidence that Magoon died on January 10, 1992, and that Plaintiff never submitted a written proof of loss as required to claim, and then potentially receive, benefits under the Policy. *Id.* at 6-7 (citing Statement of Uncontroverted Facts and Conclusions of Law ("UF"), Dkt. 20, ¶¶ 18-24). Defendant also presented evidence that the Policy covered only accidental death and dismemberment, but that Magoon died of a heart attack, which was not an insured cause of death. *Id.* (citing UF, Dkt. 20, ¶¶ 1, 12-17, 23-27). Plaintiff did not file any opposition to the Motion by April 6, 2015, when it was due. Dkt. 23. As a result, and in order to provide Plaintiff with an opportunity to do so, on April 16, 2015, it was ordered that, "[i]f Plaintiff does not file an Opposition by April 22, 2015 at 12:00 p.m., the Court will deem undisputed Defendant's factual assertions and grant summary judgment in favor of Defendant." *Id.* On April 20, 2015, Plaintiff filed a "Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c)" ("Notice"). Dkt. 25. Plaintiff did not specify either the basis for dismissal or the rule of civil procedure on which it was premised. *Id.*

On April 24, 2015, Defendant filed Objections to the Notice. Dkt. 26. There, Defendant argued that Plaintiff could not voluntarily dismiss this action without prejudice. Defendant sought an order vacating

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| Case No. | LA CV14-09727 JAK (RZx) | | Date | May 21, 2015 |
|---|---|---|---|---|
| Title | Sergio Padilla v. Allstate Insurance Company et al. | | | |

the Notice and granting summary judgment in favor of Defendant, or, in the alternative, dismissing the action with prejudice. *Id.* at 5. Defendant submitted proof that Plaintiff had been served with the Objections by mail. *Id.* at 7. Plaintiff did not respond to Defendant's submission.

For the reasons stated in this Order, this action is **DISMISSED WITH PREJUDICE**.[1]

**II.    Analysis**

   A.    Legal Standard

Fed. R. Civ. P. 41(a) allows a plaintiff voluntarily to dismiss an action without a court order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment. . . . Unless the notice or stipulation states otherwise, the dismissal is without prejudice." Fed. R. Civ. P. 41(a)(1). "Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. . . . Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." Fed. R. Civ. P. 41(a)(2).

   B.    Application

Defendant filed an Answer and Motion for Summary Judgment before Plaintiff filed the Notice. Dkts. 11, 19. Plaintiff could not on his own voluntarily dismiss the action without prejudice. Fed. R. Civ. P. 41(a)(1). Therefore, the Notice is treated as a request to the court for a dismissal pursuant to Fed. R. Civ. P. 41(a)(2). In determining whether to dismiss an action with or without prejudice under this provision, a court "must determine whether the defendant will suffer some plain legal prejudice as a result of the dismissal." *Westlands Water Dist. v. United States*, 100 F.3d 94, 96 (9th Cir. 1996). Other relevant factors include "whether a dismissal would result in a waste of judicial time and effort," and "whether the party has presented a proper explanation for its desire to dismiss." *Hamm v. Rhone-Poulenc Rorer Pharm., Inc.*, 187 F.3d 941, 950 (8th Cir. 1999).

A consideration of these factors shows that a dismissal with prejudice is appropriate. Defendant would be prejudiced if the action were dismissed without prejudice because it could then be renewed by Plaintiff at a later time. This would require Defendant to relitigate the matter, presumably by raising the same defenses that were presented here in support of the Motion for Summary Judgment. In addition, such an action before this or another court would impose undue burdens given the efforts that have been made by this Court in the course of these proceedings. This includes the time spent evaluating the Motion for Summary Judgment as well as on the various procedural orders that have issued. Finally, Plaintiff has offered no explanation for dismissal. Indeed, Plaintiff has been silent since the filing of the Objections to the Notice.

---

[1] To the extent the parties' competing submissions could collectively be deemed a motion, this matter is appropriate for decision without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV14-09727 JAK (RZx) | | Date | May 21, 2015 |
|---|---|---|---|---|
| Title | Sergio Padilla v. Allstate Insurance Company et al. | | | |

Even if the Notice were not deemed a request pursuant to Rule 41(a)(2), the outcome would be the same. Defendant is entitled to judgment as a matter of law on Plaintiff's claims. *See* Fed. R. Civ. P. 56. Because the Notice could not be brought pursuant to Rule 41(a)(1), if it were not deemed a request under Rule 41(a)(2), the action would not be dismissed, and Defendant's unopposed Motion for Summary Judgment would be pending. Although "a motion pursuant to F.R.Civ.P. 56 may not be granted solely based on the failure to file an opposition," *see* Local Rule 7-12, summary judgment would be appropriate.

The evidence offered by Defendant in support of its motion, construed in the light most favorable to Plaintiff, supports the entry of judgment as a matter of law in favor of Defendant. Further, Plaintiff did not oppose the Motion and has, therefore, presented no basis to find that there is a genuine dispute as to any material fact. Fed. R. Civ. P. 56; *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n,* 809 F.2d 626, 630-31 (9th Cir. 1987). This conclusion is not based on an assumption that Plaintiff impliedly consented to the Motion, which would be improper under Local Rule 7-12, but rather on the undisputed facts that have been presented by Defendant. Thus, this evidence supports the conclusion that Plaintiff did not submit a valid claim for benefits as well as the finding that Magoon's death was not caused by an event covered by the Policy. Therefore, there is no showing that Defendant breached its obligations under the Policy by failing to pay its benefits to Plaintiff. Nor did it engage in the subsidiary conduct that is alleged -- unfair trade practices, negligence, or breach of fiduciary duty. These claims are premised on Defendant's alleged wrongful failure to pay benefits.

### III.     Conclusion

For the reasons stated in this Order, this action is **DISMISSED WITH PREJUDICE**. Defendant shall submit a proposed judgment no later than June 1, 2015.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | ak |